IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell De'Marcus Land, ) | Case No.: 4:22-cv-1576-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Detective Kenneth Marcus, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 81.) Plaintiff Darrell De'Marcus Land ("Plaintiff" or "Land"), proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 against Defendant Detective Kenneth Marcus ("Defendant" or "Marcus") surrounding Plaintiff's arrest on or about October 28, 2019. (DE 18, p. 5.) Plaintiff alleges Marcus, as well as other detectives and U.S. Marshals, came to his place of employment at U.S. Foods and arrested him.[2] (Id.) Plaintiff alleges that before his arrest, he fully cooperated during his meetings with

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Marcus, a detective with the Horry County Police Department, provides that on or about August 14, 2019, the Horry County Police Department ("HCPD") began investigating the disappearance of an individual named Arnold Jamal Bennett. (DE 57-1.) On October 2, 2019, the HCPD learned that the remains of a person who suffered a gunshot wound to the head and who matched the general description of Mr. Bennett had been found. (Id. ¶ 4.) The HCPD had spoken with Plaintiff twice concerning Mr. Bennett's disappearance. (Id. ¶ 6; see also DE 18, p. 5). During the investigation, the HCPD learned that, while Plaintiff was one of the last people to have seen Mr. Bennett alive, Plaintiff apparently lied to investigators about several things, including his whereabouts on the day Mr. Bennett went missing, his contact with Mr. Bennett, and other inconsistencies in his alleged alibi. (Id.) Upon obtaining a variety of evidence and information, Marcus determined there was probable cause to arrest Plaintiff. (Id. ¶¶ 8; 10.)

1

detectives at HCDP before Marcus and other detectives.  Nevertheless, the U.S. Marshals came to his job to arrest him.  Plaintiff claims he was arrested abusively, even after checking in with them regularly at their requests.  (Id.)  Plaintiff says his shoulder was dislocated because of the rough handling, and the officers denied his request for medical attention at booking.  (DE 18, p. 7.)

On March 31, 2023, Defendant filed a Motion for Summary Judgment.  (DE 57.)  Under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion.  (DE 58.)  After not receiving a response, the Court issued an order advising Plaintiff to file a response to this Motion.  (DE 66.)  After that, Plaintiff filed a document styled as a letter on June 28, 2023.  (DE 76.)  The Court construes this filing as Plaintiff's response since Plaintiff has not otherwise filed any other response to Defendant's motion.

The Report was issued on August 29, 2023, recommending the Court grant Defendant's Motion for Summary Judgment.  (DE 81.)  Plaintiff has not objected to the Report.[3]  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court finds no clear error on the face of the record.  Therefore, the Court adopts the Report (DE 81) and incorporates it here.

---

[3]    On or about September 7, 2023, Land contacted the Clerk of Court's office and indicated he would be filing a motion for an extension to object to the Report.  No motion has been filed.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment (DE 57) is granted as to all claims alleged in Plaintiff's Amended Complaint; however, the Court denies the request to consider this action as a strike under the Prison Litigation Reform Act.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 27, 2023

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.